# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANK SNB, | ) |
|     Plaintiff, | ) |
| v. | )    Case No. CIV-14-1354-R |
| MATTHEW FLEMMING, | ) |
|     Defendant. | ) |

## ORDER

Before the Court are cross motions for summary judgment, *see* Doc. Nos. 21 and 22, which are fully at issue. The motions require the court to construe to the extent necessary and apply Oklahoma's Uniform Electronic Transaction Act ("UETA"), Okla. Stat. tit. 12A, §§ 15-101 to 15-121, Okla. Stat. tit, 12 § 101 and Okla. Stat. tit. 42, § 23 to the material undisputed facts herein.

The material undisputed facts are as follows. On October 19, 2005, Defendant executed and delivered to Plaintiff Bank SNB a promissory note having an original face amount of $350,000. The maturity date of the note was April 19, 2008, at which time a single payment of the entire unpaid principal together with all accrued interest was due and payable. To secure repayment of the note, Defendant executed and delivered to Bank SNB a security agreement granting Bank SNB a security interest in 1,116,350 certificated shares of stock in Shumate Industries, Inc. To perfect the security interest, Defendant delivered and Bank SNB took physical possession of Stock Certificate No. 761 for 16,350 shares, Stock Certificate No. 0908 for 200,000 shares and Stock Certificate No.

0810 for 900,000 shares. After execution of the note and security agreement, Plaintiff SNB advanced the loan proceeds to Defendant who used the proceeds to retire a debt he owed Bank SNB in the amount of $100,000 and to purchase 250,000 shares of Shumate stock having a value of $250,000. Subsequent to Shumate Industries' issuance of 250,000 shares of stock, Defendant caused the transfer agent to split the shares into two portions, one portion containing 50,000 shares and one portion containing 200,000 shares. Defendant then delivered Stock Certificate 0908 evidencing 200,000 shares to Bank SNB to hold as collateral for repayment of the note pursuant to the terms of the security agreement. On April 19, 2008 the note matured and at that time the entire principal plus interest became due and payable. Defendant did not then pay the amounts due under the note. Between 2010 and 2014, however, Defendant sent emails to Bank SNB in which he acknowledged his debt to Bank SNB. *See* Rossiter Affidavit (Exhibit "2" to Defendant's Motion) at ¶¶ 16, 17 & 18 and Emails (Exhibits 1-12, 1-13 and 1-14 to the Rossiter Affidavit).

Section 101 of Title 12 of the Oklahoma Statue provides as follows:

> **Extension of limitation – Part payment, acknowledgement or new promise**
>
> In any case founded on contract when any part of the principal or interest shall have been paid, <u>or</u> an acknowledgement of an existing liability, debt or claim, <u>or</u> any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgement or promise; but such acknowledgement or promise must be in writing, signed by the party to be charged thereby.
>
> Okla. Stat. tit. 12, § 101 (emphasis added).

The statute of limitations applicable to a promissory note is six years and begins to run the day after the due date stated in the note. *See* Okla. Stat. tit. 12A, § 3-118(a). However, according to the plain disjunctive language of § 101, part payment, acknowledgement of the debt or a new promise to pay the debt tolls the statute of limitations such that it begins to run anew at the time of partial payment, acknowledgement of the debt or a new promise to pay the debt, provided the acknowledgement or new promise is in writing, signed by the party to be charged. Plaintiff did not file this action to recover on the note and foreclose its security interest in the stock until November 6, 2014, so at issue in this case is whether Defendant's emails acknowledged the debt or amounted to a new promise to pay the debt to begin the running of the statute of limitations anew at the time of the emails and whether the emails constituted writings signed by the party to be charged.

The emails in question clearly acknowledged Defendant's debt to Plaintiff Bank SNB. "Pursuant to our discussions regarding my personal indebtedness with Stillwater National Bank . . . ." (Exhibit 1-12 to Plaintiff's Motion)(email dated April 5, 2010 signed by Matt) "Thank you for the opportunity to propose a solution to my personal note with SNB." "I do recognize the debt [to SNB] and I do not dispute the debt." (Exhibit 1-13 to Plaintiff's Motion)(email dated August 1, 2012 signed by Matt Fleming). "Do you have time to talk to me re my email on personal note?" (Exhibit 1-14 to Plaintiff's Motion)(email dated April 28, 2010 signed by Matt Fleming). "Please give me a time when we can talk about my personal loan with SNB." (Exhibit 1-14 to Plaintiff's Motion)(email dated August 2, 2010 signed by Matt Fleming). "Did you ever get ahold

3

of that guy to see about selling my personal note in connection with selling some of the stock I have at SNB security vault?" (Exhibit 1-14 to Plaintiff's Motion)(email dated March 4, 2011 signed by Matt Fleming). The Tenth Circuit has held that Okla. Stat. tit. 12, § 101 was triggered if the acknowledgement "amounts to a distinct, direct and unequivocal admission of a then existing debt for which the person signing the writing is liable." *Victory Investment Corp v. Muskogee Electric Traction Co.*, 150 F.2d 889, 891 (10th Cir. 1945). Oklahoma Supreme Court authority is in accord. *See Baker v. Christy*, 44 P.2d 16, 18 (Okla. 1935); *Stone v. Smoot*, 31 P.2d 85, 87 (Okla. 1942). The authority from the Oklahoma Court of Civil Appeals on which Defendant relies, *see FDIC v. Moore*, 898 P.2d 1329, 1332 (Okla. Civ. App. 1995), which requires both an acknowledgement of the debt and either a promise to pay the entire amount or a request for an extension of time in which to pay it is contrary to the plain disjunctive language of the statute. Therefore, the Court disregards that authority.

Are the emails bearing Defendant's name writings signed by the person to be charged? Under Oklahoma's Uniform Electronic Transaction Act (UETA"), Okla. Stat. tit. 12A, §§ 15-101 to 15-121, the electronic records and electronic signatures satisfy the law's requirement of a written acknowledgement signed by Defendant Matt Fleming, the party to be charged. At Okla. Stat. tit. 12A, § 15-107, UETA provides as follows:

> Legal recognition of electronic records, electronic signatures, and electronic contracts
>
> (a) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.
> (b) A contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation

4

    (c)  If a law requires a record to be in writing, an electronic record satisfies the law.
    (d)  If a law requires a signature, an electronic signature satisfies the law.

Okla. Stat. Tit. 12A, §15-107.

The comments to this section state that "subsections (a) and (b) are designed to eliminate the single element of medium [i.e., paper] as a reason to deny effect or enforceability to a record, signature or contract. The fact that the information is set forth in an electronic, as opposed to paper, record is irrelevant." Okla. Stat. tit. 12A, §15-107, U.C.C. Comment 1. Subsections (c) and (d) "provide the positive assertion that electronic records and signatures satisfy legal requirements for writings and signatures. The provisions are limited to requirements in laws that a record be in writing and signed." Okla. Stat. tit. 12A, §15-107, U.C.C. Comment 3. A "record" is defined as information that is inscribed on tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form" Okla. Stat. tit. 12A, §15-102(16). The term "electronic record" is defined as "a record created, generated, sent, communicated, received, or stored by electronic means." Okla. Stat. tit. 12A, §102(9). An "electronic signature" is "an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record. Okla. Stat. tit. 12A, §102(10). Finally, the UETA also provides that "if a law requires a record to be presented . . . in its original form . . . that law is satisfied by an electronic record," Okla. Stat. tit. 12A, § 15-112(d) and that § 15-112 "assures that information stored electronically will remain effective for all audit, evidentiary, archival and similar purposes." Okla. Stat. tit. 12A, § 15-112, U.C.C. Comment 1. Thus, pursuant to the

UETA, Defendant Fleming's electronic transmissions, i.e., emails, and electronic signatures satisfy § 101's requirement that the acknowledgement of a debt be in writing and signed by the party to be charged. And pursuant to §101 of Title 12 of the Oklahoma Statutes, the 6-year statute of limitations began to run anew as early as April 5, 2010 or as late as August 1, 2012 and Plaintiff's action to recover on the note, which was not filed until November 6, 2014, is not barred by the statute of limitations.

Next, the Court considers the effect of Okla. Stat. tit. 42, § 23 on Plaintiff's attempt to foreclose on the lien created by the security interest in the Shumate stock. The parties argue at length as to whether that statute applies to a party, like Defendant, having a possessory interest in the stock. The Court finds it unnecessary to address those arguments because the language of § 23 of Title 42 of the Oklahoma Statutes is plain and unambiguous and must be read in *pari materia* with § 101 of Title 12 of the Oklahoma States.

Section 23 of Title 42 of the Oklahoma Statutes entitled "limitation of time" states as follows:

> A lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation.
>
> Okla. Stat. tit. 42, § 23.

Because under the provisions of civil procedure, specifically Okla. Stat. tit. 12, § 101, the action on the note can be brought within six years of Defendant's acknowledgements of Bank SNB's note, Plaintiff Bank SNB's security interest lien has not been extinguished

by operation of Okla. Stat. tit. 42, § 23 and Bank SNB may foreclose on its security interest.

It is undisputed that as of March 26, 2015, the total outstanding principal due and owing under the note was $350,000 with accrued interest in the amount of $493,398.84 for a total amount of $843,398.84. Consistent with this Order, Plaintiff Bank SNB is entitled to judgment in that amount and for foreclosure of its security interest in Shumate Industries' stock to satisfy the indebtedness.

In accordance with the foregoing, Defendant's motion for summary judgment is DENIED and Plaintiff's motion for summary judgment is GRANTED.

**IT IS SO ORDERED this 28th day of January, 2016.**

_/s/ David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE