IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BANK SNB, )
)
    Plaintiff, )
)
v. ) Case No. CIV-14-1354-R
)
MATTHEW FLEMMING, )
)
    Defendant. )

## ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees (Doc. No. 37). The Court previously ordered Plaintiff to submit supplemental time records, which it has done. Plaintiff seeks attorney fees in the amount of $93,800. Plaintiff submitted billing records to support fees in the amount of $74,300.00, and requests an enhanced award of $19,470.00, pursuant to *Burk v. City of Oklahoma City*, 598 P.2d 659 (Okla. 1979). "Defendant does not have the means to continue the defense of this litigation and, as a result, does not contest SNB's present request for fees and costs. However, Defendant does not concede the appropriateness or the amount of the fees, the rates or the expenses requested by SNB due to his lack of knowledge of what fees and expenses were reasonably incurred by SNB in this litigation." Doc. No. 39. Having considered Plaintiff's Motion, the Court finds as follows.

There is a two-step process to determine the reasonableness of a fee request. First, the "lodestar" fee is calculated, which is the product of the number of attorney hours reasonably expended and a reasonable hourly rate. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.1998). Second, if appropriate, the lodestar fee is enhanced or

reduced based on the *Burk* factors. *Spencer v. Okla. Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla.2007).

There is no basis in the record for taking issue with the hourly rate of the attorneys and the paralegal as requested by Plaintiffs. Furthermore, because Defendant has not objected to the reasonableness of the hours expended, and the Court's review similarly reveals no requests that appear unreasonable with regard to time expended for a particular task, the Court finds that the $74,330.00 requested represents a reasonable number of hours expended times a reasonable hourly rate. The Court finds, however, that Plaintiff is not entitled to the enhanced fees it seeks under *Burk*.

The factors set forth in *Burk* include:

time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation and the ability of the attorneys involved; risk of recovery; nature and length of relationship with the client; and awards in similar causes.

*Spencer v. Oklahoma Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla. 2007). This case was decided on summary judgment and despite Plaintiff's protests to the contrary, presented a rather straightforward breach of contract issue. As such, there were no complex or specialized areas of the law involved. The amount of the judgment was not in dispute, and therefore, once it was determined that Plaintiff could enforce Mr. Flemming's Note, the amount he owed was not disputed. As such, the result herein was either to be zero or $843,398.94, and no work performed by counsel enhanced the value of the Plaintiff's claim. The undersigned therefore denies Plaintiff's request for enhancement of the fee

award, finding that the $74,330.00 awarded above appropriately compensates the Plaintiff's attorneys for their work in this case.

For the reasons set forth herein, Plaintiff's Motion for Attorneys' Fees is granted in part, and Defendant is hereby ordered to pay Plaintiff's fees in the amount of $74,330.00.

IT IS SO ORDERED this 5th day of March, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE